**UNITED   STATES   DISTRICT   COURT**
**EASTERN DISTRICT OF LOUISIANA**

OMEGA HOSPITAL, L.L.C.                                        CIVIL ACTION

versus                                                              NO.  08-3712

AETNA LIFE INSURANCE COMPANY                           SECTION:  E/2

<u>**RULING ON MOTION TO REMAND**</u>

Plaintiff Omega Hospital, L.L.C.'s ("Omega") Motion to Remand is before the Court.  R.d. #6.  Defendant Aetna Life Insurance Company ("Aetna") opposed the motion.  After considering the pleadings, record and the law, and for the reasons that follow, the motion is granted.

<u>**BACKGROUND**</u>

In late 2005, a patient identified as Vera N. sought medical care from Omega.[1]  At that time Vera N. was covered by a health plan that was either issued or administered by Aetna.  Omega alleges that, as is customary, prior to providing medical care to Vera N. it called Aetna to verify that medical coverage existed and that the specific medical care contemplated was covered, using a special script prepared for such occasions.  According to Omega, Aetna verified that the medical coverage existed and pre-certified coverage for the specific medical care contemplated. Based on this verification and pre-certification, Omega rendered medical services to Vera N. and incurred medical expenses in the

---

[1]The facts of the case are taken from the Petition, at r.d. #1-2.

amount of $62,180.67.  Aetna subsequently denied coverage when

Omega made a claim for payment.

Omega filed suit in state court, alleging detrimental

reliance on the representations of Aetna or its agent as insurer

and/or claims administrator that the proposed medical care was

covered.  Omega further alleges breach of an oral contract, that

the amount due is an open account pursuant to LSA-R.S. 9:2781,

and bad faith/breach of contract pursuant to the Louisiana Unfair

Trade Practices Act (LUTPA) LSA-R.S. 51:1405 *et seq.*

Aetna removed the suit to federal court, alleging federal

question jurisdiction, 28 U.S.C. §1331, because Omega's claim

relates to medical benefits under a fully insured PPO, which was

created and governed under ERISA (Employee Retirement Income

Security Act of 1974, 29 U.S.C. §101 *et seq.*).

## ANALYSIS

A civil action filed in a state court may generally be

removed to federal court if the federal court has original

jurisdiction.  28 U.S.C. §1441(a).  Statutes conferring removal

jurisdiction are strictly construed in favor of remand.  Shamrock

Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Gasch v. Hartford

Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

Jurisdiction is fixed at the time of removal, and the

jurisdictional facts supporting removal are examined as of the

time of removal.  Gebbia v. Walmart Stores, Inc., 223 F.3d 880,

883 (5th Cir. 2000); <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002).  The burden is on the removing party to show that federal jurisdiction exists and that removal was proper.  <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1408 (5th Cir. 1995).  Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand.  <u>Manguno</u>, 276 F.3d at 723.

"As a general rule, absent diversity jurisdiction[2], a case will not be removable if the complaint does not affirmatively allege a federal claim."  <u>Arana v. Ochsner Health Plan, Inc.</u>, 338 F.3d 433, 437 (5th Cir. 2003), *citing* <u>Beneficial Nat'l Bank v. Anderson</u>,123 S.Ct. 2058, 2062 (2003).  However, there is an exception to the well-pleaded complaint rule: if Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  <u>Arana</u>, 338 F.3d at 437, *quoting*  <u>Metro. Life Ins. Co. V. Taylor</u>, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

"ERISA provides two types of preemption: complete preemption under §502(a) and conflict preemption under §514."  <u>Aetna Health, Inc. v. Davila</u>, 124 S.Ct. 2488, 2496 (2004).  Complete preemption

---

[2]Aetna did not allege diversity jurisdiction in its Notice of Removal, nor did it argue that diversity jurisdiction exists in its Opposition to Omega's Motion to Remand.  Since the burden to prove federal jurisdiction is on the removing party, the Court need not address diversity jurisdiction.

under §502 is in reality a rule of federal jurisdiction; its

effect is to convert a state law claim into a federal cause of

action, thus conferring original federal jurisdiction.  Davila,

at id., *citing* Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58,

65-66, 107 S.Ct. 1542 (1987).  On the other hand, state law

claims that are preempted by ordinary conflict preemption under

§514 follow the well-pleaded complaint rule and are not a basis

for original federal jurisdiction.  Id., *citing* Franchise Tax Bd.

v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23-27, 103 S.Ct.

2841, 77 L.Ed.2d 420 (1983).

     If Omega's claim is not subject to the complete preemption

of §502(a) the district court does not have removal jurisdiction

because the action could not have originally been brought in

federal court.  The applicable portion of §502(a) provides that a

civil action may be brought by a participant or beneficiary "to

recover benefits due to him under the terms of his plan, to

enforce his rights under the terms of the plan, or to clarify his

rights to future benefits under the terms of the plan."  29

U.S.C. §1132(a)(1)(B).  In Davila, the Supreme Court established

a two part test to determine whether a claim is subject to

§502(a) preemption: (1) if the plaintiff, at some point in time,

could have brought the claim under ERISA §502(a)(1)(B), *and* (2)

there is no other independent legal duty that is implicated by a

defendant's action, the plaintiff's cause of action is completely

preempted by ERISA.  <u>Davila</u>, 124 S.Ct. at 2496.

Aetna argues that the suit was properly removed because Omega's claims are completely preempted by §502(a).  It asserts that Omega could have brought its claim pursuant to ERISA because it received an assignment of Vera N.'s right to benefits under the ERISA plan[3], and because there is no other independent legal duty that is implicated by Omega's claim.

Omega argues that Aetna's actions give rise to an independent contract under Louisiana law between it and Aetna, based on Omega's detrimental reliance on the representations of Aetna or its agent, therefore its claim does not "arise under" ERISA within the meaning of 28 U.S.C. §1331.  Omega asserts that its claim is not based on an assignment of Vera N.'s claim for insurance benefits; it is not a claim for employee welfare benefits; and it does not relate to ERISA within the meaning of 29 U.S.C. §1144(a) because it does not directly affect the relationship among traditional ERISA entities, nor does it force and ERISA plan to adopt a certain scheme of substantial coverage. It is simply a third party medical provider suing the insurer/ plan administrator for its detrimental reliance on oral assertions made by the insurer/plan administrator regarding coverage for its insured.

Because Omega received the assignment of benefits from Vera

---

[3]R.d. #9, Aetna Opposition, Ex. "B".

N., it could have brought its claim pursuant to ERISA.  Its claim against Aetna meets the first prong of the Davila test.  The second prong is another matter entirely. Omega claims that when it called Aetna to confirm that coverage existed and for pre-certification of coverage for the specifically contemplated medical care, it was informed by Aetna or its agent that coverage existed and that based on that assurance, Omega provided the medical care to the insured that it would not otherwise have provided.  When Aetna subsequently denied the claim for the medical care provided, Omega incurred a financial loss which it would not have incurred had it not relied on the oral information/assurances given by Aetna or its agents.

Omega's claim does not challenge the handling, review or disposition of a request for coverage, or even the denial of coverage.  Neither is it a claim for benefits under an ERISA plan pursuant to the assignment of benefits by the plan's beneficiary. It is immaterial to Omega's claim whether the patient's insurance coverage is pursuant to an ERISA plan or not, and it is immaterial whether the medical procedures are or are not actually covered by the patient's insurance plan.  *See* Mayeaux v. Louisiana Health Service and Indemnity Company, 376 F.3d 420, 432 (5th Cir. 2004)(plaintiffs' state law claims grounded in negligence, unfair trade practices, defamation and intentional interference with contracts, where there had been no pre-

-6-

treatment assurance of insurance coverage or pre-certification of
proposed treatment, which actually "challenge the handling,
review and disposition of a request for coverage" constitutes a
"collateral attack of the determination of the actual obligations
under the terms of the insurance policy.")  The alleged actions
give rise to a claim for detrimental reliance under Louisiana
law.[4]  Jefferson Parish Hospital Service District No. 2 v.
Principal Health Care of Louisiana, Inc., 934 F.Supp. 206, 208
(E.D.La. 1996).  Failing to meet the second prong of the Davila
test, Omega's claim is not subject to §502(a) complete
preemption.

        Section 514(a) of ERISA preempts "all State laws insofar as
they may now or hereafter relate to any employee benefit
plan...."  29 U.S.C. § 1144(a).  A state law "relates to" a
benefit plan "if it has a connection with or reference to such
plan."  Reliable Home Health Care, Inc., v. Union Central Ins.
Co., 295 F.3d 505, 515 (5th Cir. 2002), *citing* Rozzell v.
Security Servs., Inc., 38 F.3d 819, 821 (5th Cir. 1994)(quoting
Shaw v. Delta Air Lines, 463 U.S. 85, 96-97, 103 S.Ct. 2890, 77
L.Ed.2d 490 (1984)).  The determination of ERISA conflict

---

[4]*See* Louisiana Civil Code 1967, stating in pertinent part:

> A party may be obligated by a promise when he knew
> or should have known that the promise would induce the
> other party to rely on it to his detriment and the other
> party was reasonable in so relying.

preemption is a two step inquiry: the court must determine (1) whether a state law claim addresses an area of exclusive federal concern such as the right to receive benefits under the policy; and (2) whether the claim directly affects the relationship between the traditional ERISA entities and the employer, the plan, and its fiduciaries, the participants and beneficiaries. Reliable Home Health Care, Inc., at id., *citing* Hubbard v. Blue Cross and Blue Shield, 42 F.3d 942, 945 (5th Cir. 1995); Jefferson Parish Hospital Service District No. 2, 934 F.Supp. at 208.  Omega's claim meets neither of these prongs and is not subject to conflict preemption.  Aetna's defenses to Omega's claim are immaterial to the question of original subject matter jurisdiction and do not overcome a well-pleaded complaint.

Accordingly;

**IT IS ORDERED** that Omega Hospital, L.L.C.'s Motion to Remand, r.d. #6, is **GRANTED for lack of subject matter jurisdiction;** and

**IT IS FURTHER ORDERED** that this matter be and is hereby **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, July 16, 2008.

MARCEL LIVAUDAIS, JR.
Senior United States District Judge

-8-